Morgan, Judge,
dissenting:
Action by the beneficiary on a policy for one year containing the following provision: “but it may be renewed subject to’ all provisions of the policy from term to term thereafter by the payment of the premium in advance.” It had been renewed twice prior to this in *524 stance by delivering a renewal receipt, the same as the following, delivered in this instance: “Received of William Grogan premium of Twenty-five and 50-100 Dollars continuing in force Policy C 121417 from the 6th day of September, 1909, to the 6th day of September, 1910, at noon, subject to all the conditions in original policy.” The majority opinion discloses that the advance payment was waived in this instance, as it had been before. The minds of the parties had met on all the terms of the policy sued upon, including the manner of its renewal, when the policy was issued. It is especially true, in the issuance and extension of insurance policies, that the receipt and retention of the same, without rejection, in apt time, implies acceptance, and the risk attaches. The application for the extension in this instance was contracted for and implied) in the original policy. When, by previous negotiations, or arrangement, the minds of the parties have met on a unilateral agreement and the same is delivered in a complete form, as in this instance, the acceptance of it is implied, unless it be rejected within a reasonable time. The only case cited in the majority opinion, that appears to be contrary to this view, is that of Richmond v. The Travelers’ Ins. Co., 123 Tenn., 307, 130 S. W., 790, 30 L. R. A. (N. S.), 954. In that case it is apparently conceded that, if there had been an application for the extension, the acceptance of the latter would have been implied by retaining .the same, without objection; and, in that case, it must be noticed that the insured rejected the renewal and returned it within fifteen days after it was received, thus ending the matter.
The understanding between the insurer and its agent concerning the payment, by her to it, of the premium within the sixty days, and such payment by her, was intended to have the effect it actually did have, to extend the time for the insured to pay, and to avoid calling in *525 the renewal receipt and annulling or cancelling the policy. —2 May on Insurance, page 786.
The vague and indefinite language of the insured in his two letters indicated that he considered the policy in force, wherein he says in the first letter that he had about made up his mind to discontinue it. The agent so construed both letters, as shown by her letter asking payment for the' time the policy had been in force. However, his announcement, November 26,- in answer to the agent’s letter demanding payment for the time the policy had been in force, of what his intention had been, or was then, could not annul the policy without the consent of the beneficiary and the insurer, after it had become effective by his implied acceptance and the absence of rejection, even though it estopped him from thereafter taking a contrary position; his conduct in keeping the renewal for so long, and his silence on receipt of the three separate requests to pay for it, including the information that the policy was in full force and effect, so long as he retained the receipt, gave the insurer to understand that he considered the contract complete, and the insurer so understood it, as shown by the agent’s letters to the insured; and by the sixty days’ arrangement and payment by the agent; therefore, the beneficiary had a vested interest in the policy which she could enforce, because the insurer left the policy in force and did not cancel it until after the death of the insured.
If a deed, bill of sale, lease, or extension of lease, insurance policy, or the extension of it, be executed and delivered according to previous negotiation, or arrangement, whereby the minds of the parties met, no overt act to show active acceptance is necessary to make a binding contract; the minds of the parties have met upon every conceivable feature, if there is any new feature introduced not arranged for, or if the delivery is upon a condition of advance payment, such condition may be waived, *526 as was done in this instance, or the instrument may be rejected, but the rejection must be timely.
According to the majority opinion, the insured could say at the end of the year, if the insurer chose to wait so long for payment, that he never intended to renew, and thus obtain his insurance free, at his option, if no loss occurred; the insurer could give him the entire year, and could accept payment at any time, if no loss occurred, but refuse in case of loss, by saying their minds had never met, if it could prove the secret thought of the insured. If the insured had returned to Denver without injury and had paid the premium,, either for the year or up to that date, he would have paid for two and one-half or three months ’ insurance he never had, according to the majority opinion. The ample provisions of the law do not permit such uncertainty in contracts whereby both parties may suffer. . i -
With due respect for the contrary view of my associates, it is my opinion that, when this unilateral receipt was unconditionally delivered to the insured and he kept it without rejection, for over two months and a half, the risk attached, and nothing said or done after that, except a cancellation of the policy, could divest, the right of the beneficiary. — 2 May on Ins., secs. 399 M., .399 P., 400. This insurance contract involved threev parties. It was made payable to tfie beneficiary in case of death of the •insured and her interest attached, when the contract was made, and continued, when it was extended. The original policy, containing a clause for a renewal from year to year, together with complete acquiescence in, and the meeting of minds upon, the terms of the policy, constituted a prearrangement for the delivery of the renewal receipt, unconditionally, without the formality of an application, and for immediate attachment of the risk, if the insurer chose to waive the advance payment of the premium, subject, only, to the right of the.insured to *527 reject the renewal, and the consequent right of the insurer to cancel the risk; and if it chose to leave it uneanceled until the death, the beneficiary could recover.— Adams v. Eidam, 42 Minn., 53, 43 N. W., 690; Travelers’ Ins. Co. v. Jones, 32 Tex. Civ. App., 146, 73 S. W., 978; Waters v. Security L. & A. Co., 144 N. C., 663, 57 S. E., 437, 13 L. R. A. (N. S.), 805.
Decided February 11, A. D. 1914.
Eehearing denied, April 13, A. D. 1914.